IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM F. KAETZ, | ) |
| | ) |
| Plaintiff, | ) 2:21-cv-289-NR-PLD |
| | ) |
| v. | ) |
| | ) |
| FREDA L. WOLFSON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Magistrate Judge Dodge's Report and Recommendation (ECF 17), recommending that Mr. Kaetz's amended complaint be dismissed with prejudice. Mr. Kaetz, proceeding pro se, has filed objections to the R&R. ECF 21. The Court has carefully considered the record—including Mr. Kaetz's amended complaint, the R&R, and Mr. Kaetz's objections—and has conducted a de novo review of the R&R and Mr. Kaetz's objections. *See* 28 U.S.C. § 636(b)(1).

After a de novo review, the Court overrules Mr. Kaetz's objections, and adopts Magistrate Judge Dodge's R&R in whole as the opinion of the Court. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' … Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (cleaned up)); *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court. When a district court does accept the Magistrate's report,

that is a judicial act, and represents the district court's considered judgment." (cleaned up)).

The Court adds only the following to Magistrate Judge Dodge's well-reasoned and thorough R&R. First, as Mr. Kaetz acknowledges in his objections, he filed the same objections to the R&R in this case as he did in another case he is pursuing. *See* ECF 21, p. 1. Many of the objections relate to the R&R in the other case, at case number 2:21-cv-62, also before this Court. To the extent it's relevant, then, the Court incorporates its Order adopting the R&R in the other case, here. That said, Mr. Kaetz cannot raise new allegations and claims in his objections to the R&R, so the variety of new allegations and claims he raises in his objections in this case have been waived.[1] *See, e.g., Johnson v. DelBaso*, No. 17-1559, 2021 WL 567247, at *1 n.1 (W.D. Pa. Feb. 16, 2021) (Colville, J.) ("To the extent Petitioner raises any new claims in his objections that were not included within his Petition, those claims are deemed waived and will not be considered by the Court." (citation omitted)); *Washington v. Gilmore*, No. 17-988, 2021 WL 688088, at *2 (W.D. Pa. Feb. 23, 2021) (Conti, J.).

Second, when the R&R issued, Mr. Kaetz was detained pending trial. Since then, however, he pled guilty in the underlying criminal case, was sentenced by this Court, and concluded his term of imprisonment. *See United States v. Kaetz*, 2:21-cr-211, Dkt. Nos. 113, 116 (W.D. Pa. Aug. 2, 2021). The Court therefore updates the R&R's factual background in that regard. Further, Mr. Kaetz's guilty plea—and his acknowledgment of guilt—moot much of his claims in this case; indeed, he has withdrawn aspects of his claims and requested relief because of his guilty plea. *See* ECF 26.

Third, the Court emphasizes two additional points, which the R&R also conveys. Consistent with Magistrate Judge Dodge's analysis, "[i]t is axiomatic that

---

[1] As Magistrate Judge Dodge noted in the R&R, the crux of Mr. Kaetz's claims here is that courts have erred in tolling the Speedy Trial Act clock due to COVID-19.

an inmate lacks standing to assert complaints on behalf of other inmates." *Calipo v. Wolf*, No. 18-cv-320, 2019 WL 6879570, at *4 (W.D. Pa. Nov. 15, 2019), *report and recommendation adopted*, 2019 WL 6877181 (W.D. Pa. Dec. 17, 2019) (Baxter, J.) (citations omitted); *see* ECF 17, p. 5. Thus, only the claims that relate to Mr. Kaetz, specifically, are before the Court. Moreover, as the R&R emphasized, in Mr. Kaetz's underlying criminal case, this Court already considered—and rejected—the arguments Mr. Kaetz now raises. Having unsuccessfully utilized the proper vehicle to assert his claims and arguments, Mr. Kaetz cannot now seek a second bite at the apple via this improper channel.

Accordingly, the Court adopts Magistrate Judge Dodge's Report and Recommendation (ECF 17) in whole and as supplemented by this order, and overrules all of Mr. Kaetz's objections (ECF 21). Mr. Kaetz's amended complaint (ECF 12) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall mark this case **CLOSED**.

DATED: February 7, 2022                     BY THE COURT:

                                            /s/ *J. Nicholas Ranjan*
                                            United States District Judge